FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
\*   August 1, 2023   \*
BROOKLYN OFFICE

RCH:MWG/DR/RMS
F. #2020R00964

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

BRANDON BELMONTE,

                      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - X

I N D I C T M E N T

Cr. No. 23-CR-313
(T. 18, U.S.C., §§ 982(a)(2), 982(b)(1),
1349 and 3551 et seq.;
T. 21, U.S.C., § 853(p))

Judge Brian M. Cogan
Magistrate Judge Peggy Kuo

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

I.    <u>The Defendant and Relevant Entities</u>

    1.    Allied 52nd Street LLC ("Allied 52") was a New York limited liability company located in New York, New York.

    2.    Soho 36, Inc. ("Soho 36") was a New York corporation located in New York, New York.

    3.    VIP Cars NYC Inc. ("VIP") was a New York corporation located in Astoria, New York, and Bronx, New York.

    4.    The defendant BRANDON BELMONTE owned and operated VIP, a luxury vehicle rental business. BELMONTE operated VIP, in part, through Allied 52 and Soho 36, corporate entities that he controlled.

    5.    A number of BELMONTE's associates, including Straw Buyer A and Straw Buyer B (collectively, the "Straw Buyers"), individuals whose identities are known to the

Grand Jury, obtained financing to purchase or lease vehicles that then were made available to rent through VIP. Straw Buyer B also was an employee of VIP.

6. Insurance Company A and Insurance Company B, entities the identities of which are known to the Grand Jury, were businesses that provided insurance coverage for the luxury vehicles in VIP's fleet.

II. The Fraudulent Schemes

A. The Vehicle Financing Scheme

7. In or about and between January 2019 and April 2021, the defendant BRANDON BELMONTE, together with others, acquired luxury vehicles for VIP's rental fleet primarily by purchasing and leasing such luxury vehicles in the names of other individuals, including the Straw Buyers.

8. During this time period, BELMONTE and the Straw Buyers, together with others, obtained financing to purchase or lease luxury vehicles for VIP's fleet from certain financial institutions (collectively, the "Financial Institutions"), entities the identities of which are known to the Grand Jury, and financial lending companies (collectively, the "Lenders"), entities the identities of which are known to the Grand Jury, pursuant to financing agreements.

9. In these financing agreements, BELMONTE and the Straw Buyers, together with others, falsely represented to the Financial Institutions and the Lenders that the purchased vehicles would not be used as rental vehicles.

10. As part of this scheme, BELMONTE and the Straw Buyers, together with others, knowingly and intentionally submitted false information and fraudulent records to the Financial Institutions and the Lenders concerning the Straw Buyers' income and financial ability to repay the loans, including false earning statements and false bank account records.

11.     For example, in or around December 2019, BELMONTE, together with others, submitted financing paperwork to one of the Lenders in connection with the purchase of a luxury vehicle in the name of Straw Buyer A. This paperwork falsely claimed that Straw Buyer A earned approximately $100,000 annually in addition to his actual salary and also misrepresented that Straw Buyer A was the "Organizer" of Allied 52.

12.     In concealing the true intended owner of the vehicles and the true intended use of the vehicles, as well as misrepresenting the Straw Buyers' financial circumstances and submitting fraudulent documentation in support thereof, BELMONTE and the Straw Buyers sought to ensure that the Financial Institutions and the Lenders agreed to provide the requested financing because BELMONTE and the Straw Buyers believed that the Financial Institutions and the Lenders would not finance the sale or lease of the luxury vehicles if they knew the true intended purpose for the vehicles or the true financial status of the Straw Buyers.

13.     As a result of this fraudulent scheme, in reliance on the material misrepresentations made by BELMONTE and the Straw Buyers, the Financial Institutions and Lenders provided financing to BELMONTE and the Straw Buyers for the purchase of vehicles.

B.      The Insurance Fraud Scheme

14.     In or about and between April 2020 and December 2021, the defendant BRANDON BELMONTE, together with others, also made material misrepresentations to insurance companies (collectively, the "Insurance Companies"), including Insurance Company A and Insurance Company B, entities the identities of which are known to the Grand Jury, which provided insurance coverage for the luxury vehicles in VIP's fleet.

15.     Specifically, BELMONTE, together with others, obtained insurance policies on the vehicles in VIP's fleet that expressly prohibited the insured vehicles from being

used as rental vehicles. In order to obtain and maintain insurance coverage on these vehicles, BELMONTE, together with others, falsely represented to the Insurance Companies that these vehicles were not used as rental vehicles and also provided other materially false information to the Insurance Companies.

16.     For example, in or about and between April 2020 and May 2020, BELMONTE, together with others, submitted insurance claims to Insurance Company A for three separate accidents involving vehicles in VIP's fleet for which the insurance policies were held in the name of Allied 52 and listed Straw Buyer B as the payee. A representative of Insurance Company A had previously contacted Straw Buyer B, who advised Insurance Company A to speak with BELMONTE about the claim. On or about April 6, 2020, during a telephone call with a representative of Insurance Company A, BELMONTE, among other things, falsely claimed to be BELMONTE's father, that Allied 52 was a construction company, and that the vehicles involved in the accidents were used by employees of Allied 52. These misrepresentations concealed BELMONTE's and VIP's connection to the involved vehicles and the true use of the vehicles, namely, that the vehicles were part of VIP's rental fleet and not used by employees of a construction company.

17.     On another occasion, in or about August 2021, BELMONTE submitted an insurance claim to Insurance Company B, claiming that a vehicle leased in his name had been hit by another vehicle in the parking lot of a store. Following that claim, BELMONTE spoke to representatives of Insurance Company B, including on or about August 17 and 18, 2021, during which conversations BELMONTE, among other things, falsely represented that VIP was not his business, that he was not involved in the vehicle rental business, that he worked for the United States Department of Homeland Security, and that he had reported the accident to the store.

5

Each of these misrepresentations concealed the true nature of the incident underlying the insurance claim in an effort to ensure that Insurance Company B would pay for the repairs to the vehicle.

## COUNT ONE
(Conspiracy to Commit Bank Fraud and Wire Fraud – Vehicle Financing Scheme)

18. The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

19. In or about and between January 2019 and April 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRANDON BELMONTE, together with others, did knowingly and intentionally conspire to:

(a) execute a scheme and artifice to defraud one or more of the Financial Institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets and other property owned by, and under the custody and control of, the Financial Institutions, by means of one or more materially false and fraudulent pretenses, representations and promises, contrary to Title 18, United States Code, Section 1344; and

(b) devise a scheme and artifice to defraud one or more of the Financial Institutions and the Lenders, and to obtain money and property from the Financial Institutions and the Lenders by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## COUNT TWO
(Conspiracy to Commit Wire Fraud – Insurance Fraud Scheme)

20. The allegations contained in paragraphs one through 17 are realleged and incorporated as if fully set forth in this paragraph.

21. In or about and between April 2020 and December 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRANDON BELMONTE, together with others, did knowingly and intentionally conspire to devise a scheme and artifice to defraud one or more of the Insurance Companies, and to obtain money and property from the Insurance Companies by means of one or more materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, transmit and cause to be transmitted by means of wire communication in interstate commerce, one or more writings, signs, signals, pictures and sounds, contrary to Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION

22. The United States hereby gives notice to the defendant that, upon conviction of the offenses charged herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(2), which requires any person convicted of such offenses to forfeit any property constituting, or derived from, proceeds obtained directly or indirectly as a result of such offenses.

23. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third party;

  (c) has been placed beyond the jurisdiction of the court;

  (d) has been substantially diminished in value; or

  (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

  (Title 18, United States Code, Sections 982(a)(2) and 982(b)(1); Title 21, United States Code, Section 853(p))

A TRUE BILL

*Mary Beth Glickman*
FOREPERSON

*By Carolyn Pokorny, Assistant U.S. Attorney*
_____
BREON PEACE
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.#: 2020R00964
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

THE UNITED STATES OF AMERICA

*vs.*

BRANDON BELMONTE,

Defendant.

# INDICTMENT

(T. 18 U.S.C. §§ 982(a)(2), 982(b)(1), 1349 and 3551 et seq.;
T. 21 U.S.C. § 853(p))

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____

_____
*Clerk*

Bail, $ _____

*Michael W. Gibaldi, Dana Rehnquist and Rebecca M. Schuman,*
*Assistant U.S. Attorneys (718) 254-7000*

A True Bill

Mary Beth Gleahran
Fore Person